IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DANNY THOMAS,                                      Case No. 3:09-cv-803-HZ

        Petitioner,                               OPINION AND ORDER

        v.

MARK NOOTH,

        Respondent.


        ELLEN C. PTICHER
        Office of the Federal Public Defender
        101 SW Main Street, Suite 1700
        Portland, OR  97204

                Attorney for Petitioner


        JOHN KROGER
        Attorney General
        KRISTEN E. BOYD
        Oregon Department of Justice
        1162 Court Street, NE
        Salem, OR  97301

                Attorneys for Respondent

1 - OPINION AND ORDER

Hernandez, District Judge.

Petitioner, in custody of the Oregon Department of Corrections, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He raises claims alleging he was denied the effective assistance of trial counsel. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is DENIED, and this proceeding is dismissed with prejudice.

### BACKGROUND

On March 3, 2003, Petitioner was indicted on six counts of Attempted Murder with a Firearm (Counts 1-6); six counts of Attempted Assault in the First Degree with a Firearm (Counts 7-12); Burglary in the First Degree with a Firearm (Count 13); six counts of Unlawful Use of a Weapon with a Firearm (Counts 14-19); one count of Possession of a Controlled Substance - Cocaine (Count 20); Delivery of a Controlled Substance (Count 21); and Assault in the Second Degree (Count 22). (#20, Ex. 102). The charges arose from Petitioner's actions on February 23, 2003, in a dispute with the manager of a McDonald's restaurant over items missing from Petitioner's order. Petitioner and the manager got into two fights, which witnesses broke up. Petitioner then went to his car, retrieved a gun, and fired six shots into the restaurant through the drive through window. There was no dispute Petitioner fired shots into the restaurant.

2 - OPINION AND ORDER

In September 2003, Petitioner was tried in a bench trial and convicted on one count each of Attempted Murder with a Firearm (Count 1), Attempted Assault in the First Degree with a Firearm (Count 7), Burglary in the First Degree (Count 13), Possession of a Controlled Substance (Count 20), Assault in the Second Degree (Count 22), and on six counts of Unlawful Use of a Weapon with a Firearm (Counts 14-19). (#20, Ex. 101.) Petitioner was acquitted as to Counts 2-6 and 8-12; and Count 21 was dismissed on the State's motion. The Court sentenced Petitioner to a total of 160 months imprisonment in a combination of concurrent and consecutive terms, which included 90 months under Measure 11 on Count 1 consecutive to 70 months under Measure 11 on Count 22. (#20; #18 Resp. at 3.)

Petitioner directly appealed his conviction, raising one claim of trial error challenging the consecutive sentencing under *Apprendi v. New Jersey*, 530 US 466, 490 (2000) ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt") and *Blakely v. Washington*, 542 U.S. 296 (2004)(invalidating sentencing enhancement based on facts not found by a jury beyond a reasonable doubt nor admitted by the defendant). (#20, Ex. 103, at 2-3; 5-6.) The Court of Appeals affirmed the judgment and sentence without

3 - OPINION AND ORDER

opinion, and the Oregon Supreme Court denied review.    (#20, Exs. 107, 106.)

With the assistance of counsel, Petitioner filed an Amended Petition for Post-Conviction Relief ("PCR") raising claims of trial court error, and numerous claims of ineffective assistance of trial and appellate counsel.    (#20, Ex. 108.)    The PCR court denied relief on all claims.    (#20, Ex. 126.)    Petitioner appealed, filing a counseled brief raising claims of ineffective assistance of trial counsel alleging counsel failed to investigate potential witnesses and failed to "object to the basis for conviction." Petitioner also filed a supplemental *pro se* brief challenging the consecutive sentencing under *Apprendi* and *Blakely*. (#20, Ex. 127, at i, 128.) The Oregon Court of Appeals granted Respondent's Motion for Summary Affirmance.    (#20, Ex. 130).    Petitioner filed a Motion for Reconsideration.    The Oregon Supreme Court denied the motion, and denied Petitioner's Petition for Review.    (#20, Exs. 132; 134.) Judgment issued July 23, 2009.    (#20, Ex. 135.)

Petitioner filed a timely *pro se* Petition for Writ of Habeas Corpus, and moved for appointment of counsel.    (#2, #3.)    The Court granted the Motion for Appointment of Counsel on September 8, 2009, with counsel on record as of September 15, 2009. (#9.)

Petitioner raises eight grounds for relief in the *pro se* petition that can be characterized as follows:

4 - OPINION AND ORDER

Ground One:  Petitioner was denied the effective assistance of trial counsel in six particulars (a-f), and in a generalized allegation that ineffective representation entitles him to relief as a matter of law (g);

Ground Two: (a) "Trial counsel's actions deprived the Petitioner of the right to a fair trial secured by the due process clause of the United States Constitution and Petitioner is entitled to relief as a matter of law[;]" Ground Two (b) reiterates Ground One (g);

Ground Three: the trial court's ruling was contrary to or an unreasonable application of clearly established federal law and was based on an unreasonable determination of the facts in light of the evidence presented in the state proceedings;

Ground Four: Petitioner was denied the right to due process and equal protection because the post-conviction court's adjudication denying relief was contrary to *Strickland v. Washington*, 466 U.S. 668 (1984);

Ground Five: Petitioner was denied the right to due process and equal protection because the post-conviction court "applied an improper standard" to the claims of ineffective assistance of counsel;

Ground Six: Petitioner was denied the effective assistance of appellate counsel when counsel failed to search the record for trial court error that rendered the trial unfair, and failed to argue plain error with respect to the imposition of consecutive sentencing;

Ground Seven: Petitioner was denied the right to due process and equal protection because the government failed to meet its burden of proof because two alleged accomplices lied about Petitioner's involvement, another alleged accomplice was given a plea bargain in exchange for her testimony, and two of the alleged victims failed to identify Petitioner as being at the scene;

Ground Eight: Petitioner was denied the right to due process and equal protection because the trial court erred in relying on a court appointed psychologist to find he suffered from a personality disorder with a propensity toward criminal behavior, and in applying the dangerous offender statute.

5 - OPINION AND ORDER

Through appointed counsel, Petitioner argues he is entitled to relief on three claims of ineffective assistance of trial counsel raised in state PCR proceedings: (1) trial counsel failed to fully investigate and call witnesses in support of his arguing self-defense to the Assault charge; (2) trial counsel failed to competently argue there was insufficient evidence to convict him of Attempted Murder; (3) trial counsel failed to competently argue there was insufficient evidence to convict him of Assault in the Second Degree. (#46, at 14-15.)

In a Reply to Petitioner's supporting memorandum, Respondent argues Petitioner did not raise the claims alleging counsel was deficient for failing to competently argue there was insufficient evidence to convict him in the Petition and they are, therefore, not properly before the Court. (#50, at 2.) In the Response to the Petition, Respondent argued Petitioner failed to exhaust all but Ground for Relief One(a), alleging counsel was ineffective for failing to investigate and call witnesses on behalf of the defense. (#18, at 9; #50 at 2.) Respondent also rebutted Petitioner's claim that trial counsel failed to object to the imposition of consecutive sentencing (Ground Six (c)), arguing the sentencing transcript at page 35 shows trial counsel objected to the imposition of consecutive sentencing. (#18, at 16.)

6 - OPINION AND ORDER

## DISCUSSION

I.   *Claims Not Argued*

A petitioner seeking federal habeas relief bears the burden of showing the court he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004), *cert. denied* 545 U.S. 1165 (2005).  Under § 2254(d), a petitioner must show that the adjudication of his claims on the merits in State court was: "1) contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Petitioner does not argue in support of the claims presented in the Petition, with the exception of Grounds One (a), alleging counsel was deficient for failing to investigate and call witnesses.  Consequently, Petitioner has not satisfied the burden of proof for habeas relief on Grounds One (b-g) and Grounds Two through Eight. Habeas relief on these claims is, thus, precluded.[1]

I.   *Claims Not Alleged in Petition for Writ of Habeas Corpus*

In his supporting memorandum (#46), Petitioner argues he is

---

[1]The Court has, nevertheless, reviewed the record as to these grounds for relief and determined they would not entitle Petitioner to relief.

7 - OPINION AND ORDER

entitled to relief on three claims of ineffective assistance of trial counsel that he presented in state PCR proceedings: (1) trial counsel failed to fully investigate and call witnesses in support of his arguing self-defense to the Assault charge; (2) trial counsel failed to competently argue there was insufficient evidence to convict him of Attempted Murder; (3) trial counsel failed to competently argue there was insufficient evidence to convict him of Assault in the Second Degree.  Respondent argues in his Reply that the claims alleging counsel failed to competently argue there was insufficient evidence to convict on Attempted Murder (claim 2), and counsel failed to competently argue there was insufficient evidence to convict on Assault II (claim 3) were not presented in the Petition and are, therefore, not properly before the court. (#50, at 2.)  For the following reasons, the Court agrees.

Rule 2(c) of the Rules Governing Section 2254 Habeas Petitions provides, in relevant part, that a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 must: (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground.  Upon reviewing the Petition, the Court finds Petitioner did not present claims alleging trial counsel's representation was deficient when he failed to argue there was insufficient evidence to convict Petitioner of Attempted Murder and Assault II.

8 - OPINION AND ORDER

Through counsel, Petitioner argues the Petition should be liberally construed to include the two sufficiency of the evidence claims because the petition was filed *pro se*.  In actuality, counsel is asking the Court to read into the Petition claims that were presented in the state PCR proceedings, but that were not included in the federal petition.  The Court finds no basis for doing so.

Although Petitioner was *pro se* at the time the Petition was filed, shortly thereafter the Court granted his motion for appointment of counsel and counsel has been of record as of September 15, 2009.[2]  Respondent filed an Answer and Response to the Petition on March 10, 2010, identifying the claims and their deficiencies.  Thereafter, Petitioner's counsel was granted eight (8) motions for extension of time to file a supporting memorandum.  Counsel filed the supporting memorandum September 20, 2011, approximately 18 months after Respondent answered the Petition.  Counsel did not move to amend the Petition, despite Respondent having identified the claims and their deficiencies in his answer.

Rule 2(c) is clear that claims for relief must be presented in the petition.  Counsel did not move to amend the Petition despite being in receipt of Respondent's answer for approximately 18 months

---

[2]  In a September 8, 2009, Order appointing counsel, the Court ordered the Clerk to send a copy of the Petition to counsel.

9 - OPINION AND ORDER

prior to filing the supporting memorandum.  The Court finds the claims arguing trial counsel was deficient for not challenging the sufficiency of the evidence are not properly before the court and, accordingly, they will not be considered.[3]  *See Green v. Henry*, 302 F.3d 1067, 1070 n.3 (9th Cir. 2002)(claims not in the petition need not be considered);  *Marquette v. Belleque*, 2010 WL 4235889, *2 (D.Or. Oct. 20, 2010)(same).

III. *The Merits*

In  Ground  for  Relief  One  (a),  Petitioner  alleges  trial counsel's representation was constitutionally deficient for failing to investigate and call witnesses.  Respondent argues the state adjudication of this claim is entitled to deference and habeas relief is not warranted.

A.   Standards

Following  passage  of  the  Antiterrorism  and  Effective  Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in State court was:

> (1) contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> 2)resulted  in  a  decision  that  was  based  on  an unreasonable determination of the facts in light of the

---

[3]The  Court  has,  nevertheless,  reviewed  the  record  as  to  these claims and finds they would not entitle Petitioner to relief.

evidence presented in the State court proceeding.
28 U.S.C. § 2254(d). In *Williams v. Taylor*, 529 U.S. 362, 386-389 (2000), the Supreme Court construed this provision as requiring federal habeas courts to be highly deferential to the state court decisions under review. In *Cullen v. Pinholster*, ___ U.S. ___; 131 S.Ct. 1388, 1398-1402 (April 4, 2011), the Court reiterated the highly deferential nature of federal habeas review, and limited federal review "to the record that was before the state court that adjudicated the claim on the merits."

The terms "contrary to" and "unreasonable application" have independent meanings. *Sarausad v. Porter*, 479 F.3d 671, 676 (9th Cir. 2007). A state court decision is "contrary to" clearly established federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent. *Williams, v. Taylor*, 529 U.S. 362, 388 (2000). An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) *cert. denied*, 126 S. Ct. 484 (2005)(citing *Williams,* 529 U.S. at 413). "A federal court making an 'unreasonable application' inquiry should ask whether the state court's application of federal law was objectively unreasonable." *Saurasad*, 479 F.3d at 676-77

11 - OPINION AND ORDER

(citing *Williams*, 529 U.S. at 409). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly." *Woodford*, 537 U.S. at 24-25 (2002)(internal citations omitted). "[A] habeas court must determine what arguments or theories ... could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 562 U.S. \_\_\_, \_\_\_, 131 S.Ct. 770, 786 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.*, quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002). The decision of the state PCR trial court is the basis for review in the instant proceeding.

   "'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974. It is well established that a claim of ineffective assistance of

12 - OPINION AND ORDER

counsel is governed by the principles articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Pinholster*, 131 S.Ct. at 1403. Under *Strickland*, a petitioner must prove: 1) counsel's performance fell below an objective standard of reasonableness and, 2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91; *Strickland*, 466 U.S. at 687-88. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. "Judicial scrutiny of counsel's performance must be highly deferential," *id.* at 689, and "a court must indulge [the] strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment." *Pinholster*, 131 S.Ct. at 1407 (quoting *Strickland*) (internal quotation marks omitted.) The reasonableness of counsel's conduct must be evaluated in light of the facts of the case and the circumstances at the time of representation. *Strickland*, 466 U.S. at 690. In addition, a doubly deferential standard of review applies to federal habeas review of ineffective assistance of counsel claims.

*Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 1420 (2009);

*Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) (deference

under § 2254 and deference under *Strickland*).

    B.   Analysis

    The state PCR trial court denied relief on Petitioner's claim

that counsel was ineffective for failing to investigate and call

witnesses.  The PCR court reviewed the trial transcript and stated

on the record:

> [T]he evidence was pretty clear I mean we weren't dealing
> with circumstantial evidence or a lot of witnesses.
> [Petitioner] admitted himself that the fired the shots
> into the (INAUDIBLE).  The other thing about the
> transcript is that these issues that you have raised,
> they were all mentioned during the trial and during
> closing remarks[.] [I]t was a trial to the court and, I
> mean obviously you're not going to make the same level of
> argument when you are trying a case to a Judge as apposed
> [sic] to a Jury.  The Judge actually did something that
> a lot of Judges don't do and that he actually made some
> findings and he discussed why he found the defendant
> guilty in each of these matters.  I'm not going to repeat
> what he said but he basically said sort of went through
> the shooting sequence and he said I'm satisfied that this
> wasn't an accident that you were attempting to kill the
> manager. He also went particularly with this eye he went
> into some detail about I think the Judge said he looked
> at the video tape 3 or 4 different times, and he went
> through the evidence and he basically concluded that he
> stuck him with a ballpoint pen very close to his eye and
> caused an injury with a dangerous weapon so I'm going to
> find him in an area of guilty.  These issues were
> addressed and it's one of these kinds of things when you
> go to trial I suppose anything can happen because
> different Judge just as different juror's [sic] take a
> different version of a fact or incident, but certainly as
> far as getting adequate representation and having a fair
> trial, I'm satisfied that he received it so.  I'm going
> to find that the petitioner, Mr. Thomas has not proven

14 - OPINION AND ORDER

> his allegations necessary to support a petition for post
> conviction relief.  I'm going to deny that petition.

(#20, Ex. 125 at 9.)

In addition to the trial transcript, the PCR record included Petitioner's deposition testimony.  That testimony revealed Petitioner thought the assistant manager should have been called as a witness, but he could not say what her testimony would have been. (#20, Ex. 122 at 12-14.)  Petitioner also testified trial counsel should have investigated the number of shots fired, claiming he only fired five, not six shots and that a 9-1-1 tape would have shown that.  (*Id.*)

In his supporting memorandum, Petitioner argues there were witnesses listed in police reports who were not called by the State and that "he was prejudiced in defending himself by the absence of witnesses supporting his version of events."  (#46, at 17.) Petitioner does not, however, name specific witnesses or offer any evidence the witnesses would have testified in support of his version of events.  However, to prevail under *Strickland*, a petitioner must present evidence counsel's performance fell below objective standards of reasonableness, and that he was prejudiced as a result of counsel's deficiencies. Petitioner's conclusory claim that the failure to call witnesses prejudiced him does not establish ineffective assistance of counsel.  *See U.S. v. Berry*, 814 F.2d 1406, 1409 (9th Cir. 1987)(no prejudice shown when there

15 - OPINION AND ORDER

is no indication of what witnesses would have testified to, or how testimony would have changed outcome of trial); *see also U.S. v. Harden*, 846 F.2d 1229 (9th Cir. 1988) (failure to call witness when no evidence individual would testify does not constitute ineffective assistance). Evidence in the PRC record supports the PCR court's findings, and Petitioner has failed to show that the PCR trial court's adjudication of Ground for Relief One(a) was contrary to or an unreasonable application of *Strickland*, or based on an unreasonable determination of the facts in light of the evidence presented. Habeas relief is, therefore, precluded.

### CONCLUSION

The Petition for Writ of Habeas Corpus (#2) is DENIED, with prejudice. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___9___ day of March, 2012.

_____
Marco A. Hernandez
United States District Judge

16 - OPINION AND ORDER